**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAMON A. JOURDAN,

   Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

   Defendant - Appellee.

No. 10-35034

D.C. No. 3:08-cv-00971-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted March 10, 2011
Portland, Oregon

Before: THOMAS and GRABER, Circuit Judges, and MAHAN,[**] District Judge.

  Damon A. Jourdan timely appeals the district court's decision affirming the

Commissioner of the Social Security Administration's denial of his application for

disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

§§ 401–403. We review *de novo* a district court's order upholding such a decision. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Id.*

1. The administrative law judge's ("ALJ") adverse credibility determination with respect to Jourdan was supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (holding that we review for substantial evidence). Jourdan's ten-year work history following the 1986 accident, his history of drug and alcohol abuse, the course of conservative treatment of his symptoms, and the ALJ's own observations of Jourdan constitute substantial evidence to support a conclusion that the ALJ did not arbitrarily discredit his testimony.

2. We agree with the lower court that a review of Dr. Wicher's opinion does not support the broad conclusions Jourdan wishes to derive. Dr. Wicher stated that "[m]ental status testing suggested that [Jourdan] might have some problems with memory and concentration." However, Dr. Wicher never opined that Jourdan was precluded from employment altogether, and the ALJ properly accounted for that limitation in her finding of Jourdan's residual functional capacity.

3. The ALJ erred with respect to the lay witness testimony. Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ rejected two pieces of such testimony without providing reasons, germane to each witness, for doing so.

Nonetheless, we agree with the district court that the error was harmless. The ALJ properly considered all evidence of Jourdan's limitations, including the symptoms described in the two statements (e.g., Jourdan's difficulty hearing, becoming easily frustrated, difficulty with complex instructions), in determining the existence and scope of Jourdan's impairment. Accordingly, any error was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (discussing harmless error analysis).

4. Finally, Jourdan alleges that the ALJ erred at steps four and five of the five-step sequential analysis by relying on a deficient vocational hypothetical. The district court rejected this argument, finding that the hypothetical properly included only limitations based on substantial evidence in the record.

This conclusion was correct. Both the residual functioning capacity analysis and the vocational hypothetical should include only limitations "based on medical

3

assumptions supported by substantial evidence in the record that reflect[ed] each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Thus, the ALJ did not err at steps four and five of the sequential analysis.

**AFFIRMED.**